UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

EDWARD PACE,
   Plaintiff,

vs.                                                No. 06-1317

SERGEANT COX, et.al.,
   Defendants

<u>ORDER</u>

      This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The pro se plaintiff participated in the merit review hearing by telephone conference call.

      The plaintiff, Edward Pace, has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated at the Peoria County Jail. The plaintiff has named three defendants including Sergeant Cox, Deputy Burnett and Peoria County.

      The plaintiff alleges that on November 1, 2006, he was sitting at a table at the Peoria County Jail when Deputy Burnett came up and asked why he was not in his cell. The plaintiff told the deputy that he had been reassigned to the floor due to health issues. Deputy Burnett said she had already talked to the nurse and the nurse said she had not reassigned the plaintiff. The plaintiff believes Deputy Burnett was lying.

      The plaintiff then asked to speak to Sergeant, and Deputy Burnett got Sergeant Cox. The plaintiff again said he had been reassigned, but Cox told the plaintiff to get up because they were taking him to a "special cell."   The plaintiff says he told Cox, "God bless you" and Cox responded with disparaging remarks. The plaintiff says he began to gather his property and Cox kicked him into the wall. Cox told the plaintiff to get up and he did. When the plaintiff asked Cox why he was kicked, Cox told him it was for wasting his time. The plaintiff was escorted to the new cell.

      The plaintiff says he was in pain after the incident, but both officers denied him medical care and told him to put in a medical request. The plaintiff says he did put in a request, but still

1

did not receive any medical care.

The plaintiff also alleges that false charges were filed against him as a result of the incident. The plaintiff says a hearing officer came to his cell and he told him what happened. He told the officer that he had permission from Deputy Paul to be in the day room. The plaintiff says no one ever talked to the deputy. Apparently the plaintiff was found guilty of the charges because he says he lost all his special privileges and was confined to a segregation cell.

The main claim the plaintiff states at the conclusion of his complaint is that the defendants actions violated his equal protection rights because they discriminated against him based on race and religion. The plaintiff has not stated facts in support of this claim. "A person bringing a action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Huebschen v. Dept. of Health and Social Serv.*, 716 F.2d 1167, 1171 (7th Cir. 1983) (emphasis added). The plaintiff has not allege that any action was taken against him because he practices a certain religion or belongs to a certain race. The plaintiff's complaint does not even state what race he belongs to or what religion he practices.

The plaintiff does state that Sergeant Cox made a disparaging remark after the plaintiff stated "God bless you." However, this comment was made after the defendants already stated the plaintiff would be taken to a special cell for being in an unauthorized area. Also, "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir.2000).

It is not clear from the plaintiff's complaint whether he is attempting to state a claim that Sergeant Cox used excessive force when he kicked the plaintiff. However, the plaintiff does claim he was injured as a result of the kick and needed medical care. The court finds the plaintiff has adequately alleged an excessive force claim.

The plaintiff has also alleged that the defendants were deliberately indifferent to his serious medical condition. The plaintiff says he asked both Cox and Burnett for medical attention, but his requests were ignored. Although the plaintiff does not provide much information concerning the type of injury he received, the court finds for the purposes of notice pleading, the plaintiff has stated a claim that the defendants were deliberately indifferent to his serious medical condition.

Lastly, the plaintiff says he was charged with several "false" rule infractions as a result of the incident, did not receive a proper hearing but was still punished. The plaintiff says he was placed in segregation and lost special privileges. The plaintiff states that he was a pretrial detainee at the time of the incident and has properly alleged a violation of his due process rights.

2

Unfortunately, it is not clear that the plaintiff has named the proper defendant for this claim. During the merit review hearing, the plaintiff claimed an officer came to his cell and spoke to him about the rule violations. The plaintiff gave the officer the name of a deputy who could support the plaintiff's claim that he was allowed to be in the day room. If the plaintiff wishes to pursue his due process claim, he should name this officer as a defendant. In addition, if the plaintiff was found guilty of any of the violations, he should name the individual or individuals who made this decision. The court will give the plaintiff additional time to add these defendants names.

The court notes that the plaintiff has named Peoria County as a defendant. Liability under §1983 can be imposed on governmental entities only if the underlying constitutional deprivation resulted from the execution of an official custom, policy or practice. *Monell v. Department of Social Services*, 436 U.S.658, 694 (1978). The plaintiff has not alleged any custom, policy or practice of Peoria County lead to his alleged constitutional deprivations. Therefore, the court will dismiss Peoria County as a defendant and any official capacity claims .

**IT IS THEREFORE ORDERED that:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

**a) Sergeant Cox used excessive force on November 1, 2006 when he kicked the plaintiff into a wall;**

**b) Sergeant Cox and Deputy Burnett were deliberately indifferent to the plaintiff's serious medical needs on November 1, 2006 when they refused medical care for the plaintiff; and,**

**c) Sergeant Cox and Deputy Burnett violated the plaintiff's due process rights when the plaintiff was disciplined for the events of November 1, 2006 without a hearing. The claims are against the defendants in their individual capacities only.**

**2) The plaintiff has failed to state any official capacity claims. The clerk is directed to dismiss Defendant Peoria County from this lawsuit.**

**3) All other claims based on federal or state law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**4) This case shall proceed solely on those federal claims identified in paragraph one**

above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

5) The plaintiff may file a motion to amend his complaint to add the names of the defendants who were involved in the disciplinary charges filed against him and the resulting discipline.  The plaintiff should file his motion to amend on or before February 9. 2007.

6) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

7)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order

8)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

9) The plaintiff's motion to proceed *in forma pauperis* is granted. [d/e 1]

10) The agency having custody of the plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to each plaintiff's account.  The agency must forward payments from the plaintiff's trust fund account to the Clerk of Court any time the plaintiff's account exceeds $10.00 until the plaintiff has paid the statutory filing fee in its entirety.  The plaintiff must pay the $350 filing fee, and the filing fee collected from the plaintiff shall not exceed this amount.  The Clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Offices.

Entered this   26th     Day of January, 2007.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE